UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:26-cr-226-WFJ-SPF

ZACHARY LAURENT

21 U.S.C. § 841(a)(1)
(Distribution of a Controlled
Substance or Possession with
Intent to Distribute)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Distribution of a Controlled Substance or Possession with Intent to Distribute)**

On or about January 22, 2026, in the Middle District of Florida, the

defendant,

ZACHARY LAURENT,

did knowingly and intentionally distribute and possess with intent to distribute a

controlled substance, which violation involved 50 grams or more of a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

## COUNT TWO
**(Distribution of a Controlled Substance or Possession with Intent to Distribute)**

On or about February 5, 2026, in the Middle District of Florida, the

defendant,

ZACHARY LAURENT,

did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)

## COUNT THREE
### (Possession with Intent to Distribute a Controlled Substance)

On or about February 18, 2026, in the Middle District of Florida, the defendant,

ZACHARY LAURENT,

did knowingly and willfully possess with intent to distribute a controlled substance, MDMA, a Schedule I controlled substance, and Alprazolam, a Schedule IV controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

## FORFEITURE

1.    The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.    Upon conviction of 21 U.S.C. §§ 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or

2

indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

       3.     If any of the property described above, as a result of any acts or omissions of the defendant:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property, which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,



Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____

Samantha J. Newman
Assistant United States Attorney

By: _____

Diego F. Novaes
Assistant United States Attorney
Deputy Chief, Violent Crimes and
Racketeering Section

4

FORM OBD-34

June 26

No.

---

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

---

THE UNITED STATES OF AMERICA

vs.

ZACHARY LAURENT

---

INDICTMENT

Violations: 21 U.S.C. § 841(a)(1)

---

A true bill

_____
Foreperson

---

Filed in open court this 25th day

of June 2026.

_____
Clerk

---

Bail $_____

---

GPO 863 525