**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,
Plaintiff,

v. Case No. 8:26-cr-226-WFJ-SPF

ZACHARY LAURENT,
Defendant.
_________________________________/

**DEFENDANT'S MOTION FOR DETENTION HEARING AND RELEASE ON CONDITIONS**

Defendant Zachary Laurent, through undersigned counsel and pursuant to 18 U.S.C. § 3142, moves for a detention hearing and for release on a combination of conditions sufficient to reasonably assure his appearance and the safety of the community. At his initial appearance, Mr. Laurent expressly reserved the right to seek conditions of release by later motion, and the Court detained him without conducting a contested detention hearing on the merits. See Docs. 9, 11. Mr. Laurent now exercises that reserved right and presents a specific, structured release plan that directly addresses the concerns identified during the initial pretrial investigation. In support, he states:

## BACKGROUND

1. Mr. Laurent is charged in a three-count Indictment. Count One charges distribution of, or possession with intent to distribute, 50 grams or

more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B). Count Two charges distribution of, or possession with intent to distribute, 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A). Count Three charges possession with intent to distribute MDMA and alprazolam, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(C). See Doc. 1.

2. Mr. Laurent made his initial appearance and was arraigned on June 30, 2026. The government sought detention. Rather than litigate detention at that time, the defense expressly reserved the right to seek release through an appropriate later motion. The Court acknowledged that reservation and ordered Mr. Laurent detained. See Docs. 9, 11.

3. The case is presently set for the February 2027 trial term, with a telephonic status conference on January 14, 2027. See Doc. 18. The case therefore remains in a pretrial posture in which a workable release plan can provide meaningful structure, treatment, supervision, and stability while the parties prepare the case.

4. Since the initial appearance, the defense has developed a substantially more concrete release plan. Mr. Laurent can return to his mother, Claudette Kinch, at 10425 Goldenbrook Way, Tampa, Florida 33647.

His mother owns the home. Mr. Laurent has longstanding ties to the Tampa area, and he does not possess a passport.

5. The proposed residence is a genuine family home. Mr. Laurent's 82-year-old grandmother is presently living there and requires substantial assistance from his mother. Mr. Laurent wishes to assist his mother in caring for his grandmother, subject at all times to the restrictions imposed by the Court and Pretrial Services.

6. Mr. Laurent also has an immediate employment opportunity through his father, who has agreed to employ him so long as he remains in compliance with his release conditions. The defense proposes that any employment occur only on a schedule approved in advance by Pretrial Services.

7. In addition, Mr. Laurent's longtime girlfriend, Clara Rincon, is coordinating with Dr. Anderson at ACTS to secure a treatment placement. Mr. Laurent is willing to undergo substance-use and mental-health treatment, continue all prescribed medication, submit to random testing, and execute releases sufficient for Pretrial Services to verify attendance and compliance. A urine sample obtained during the initial Pretrial Services interview was negative for illicit substances.

8. The defense recognizes that Mr. Laurent's history includes prior violations of supervision, substance-use concerns, and a prior conviction for fleeing and eluding. The proposed conditions below are therefore deliberately

restrictive and are designed to respond to those concerns with objective controls rather than relying only on Mr. Laurent's assurances.

## LEGAL STANDARD

9. The Bail Reform Act requires release on personal recognizance or unsecured bond unless that release will not reasonably assure the defendant's appearance or will endanger the safety of another person or the community. 18 U.S.C. § 3142(b). If additional safeguards are necessary, the Court must impose the least restrictive further condition, or combination of conditions, that will reasonably assure appearance and safety. 18 U.S.C. § 3142(c)(1)(B).

10. Because the Indictment charges qualifying controlled-substance offenses, the rebuttable presumption under 18 U.S.C. § 3142(e)(3) applies. The presumption places on Mr. Laurent a burden of production, not the ultimate burden of persuasion. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988). The government retains the burden of persuasion and must prove risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. *Quartermaine*, 913 F.2d at 917; *King*, 849 F.2d at 489.

11. The Court considers the factors listed in 18 U.S.C. § 3142(g), including the nature and circumstances of the offense, the weight of the evidence, the defendant's history and characteristics, and the nature and

seriousness of any danger posed by release. The issue is not whether release presents zero risk, but whether enforceable conditions can reasonably manage the identified risks.

## PROPOSED CONDITIONS OF RELEASE

12. Mr. Laurent proposes the following combination of conditions, in addition to every standard condition the Court and Pretrial Services deem appropriate:

(a) Residence at 10425 Goldenbrook Way, Tampa, Florida 33647, with his mother, Claudette Kinch. He may not change residences without prior approval of Pretrial Services and the Court as required.

(b) His mother may serve as a third-party custodian if approved by the Court and Pretrial Services, and Mr. Laurent will comply with any reasonable household-access or verification requirement imposed by Pretrial Services.

(c) GPS location monitoring and home incarceration. Mr. Laurent may leave the residence only for court appearances, meetings with counsel, medical and mental-health care, substance-use treatment, employment approved in advance by Pretrial Services, religious services if approved, and other activities specifically authorized in advance by Pretrial Services.

(d) No operation of a motor vehicle unless specifically authorized in advance by Pretrial Services. Transportation will be provided by approved family members, treatment providers, or other means approved by Pretrial Services.

(e) Immediate participation in treatment through ACTS, or another provider approved by Pretrial Services, including any substance-use assessment and outpatient, intensive outpatient, residential, counseling, or related services recommended by the provider and approved by Pretrial Services.

(f) Mental-health treatment as directed by Pretrial Services, including psychiatric care, therapy or counseling, and compliance with all lawfully prescribed medication. Mr. Laurent will execute releases sufficient for Pretrial Services to verify attendance and compliance.

(g) Random drug and alcohol testing at the frequency directed by Pretrial Services, complete abstinence from alcohol and from any controlled substance not lawfully prescribed, and increased treatment or testing if directed by Pretrial Services in response to any concern.

(h) No possession of or access to any firearm, ammunition, destructive device, or other dangerous weapon. Before release, the proposed residence will be made firearm-free to the satisfaction of Pretrial Services.

(i) No contact, directly or indirectly, with any co-defendant, confidential source, witness, known drug supplier, known drug customer, or person identified by Pretrial Services as prohibited, except through counsel or as otherwise authorized by the Court.

(j) Employment only through a verified employer and according to a schedule approved in advance by Pretrial Services. Mr. Laurent's father has offered him employment conditioned on his compliance with supervision.

(k) Travel restricted to the Middle District of Florida unless Pretrial Services or the Court authorizes travel in advance. Mr. Laurent will surrender any passport if one is located and will not apply for a passport or international travel document while on release.

(l) Frequent reporting to Pretrial Services, unannounced home visits, verification of treatment and employment, and any additional non-custodial condition the Court finds appropriate.

## THE PROPOSED PLAN ADDRESSES THE IDENTIFIED RISKS

13. The proposed conditions directly address risk of nonappearance. Mr. Laurent would live at a verified family residence in Tampa, where he has longstanding community ties. He would be continuously monitored by GPS, subject to home incarceration, unable to drive without authorization, restricted from travel outside the district, and subject to frequent

supervision. His father's employment offer supplies a lawful daily structure and financial tie to the community.

14. The conditions also directly address safety. Mr. Laurent would have no access to firearms or ammunition; would be prohibited from associating with co-defendants, witnesses, drug associates, or other prohibited persons; would submit to random drug and alcohol testing; and would be required to participate in structured substance-use and mental-health treatment with compliance verifiable by Pretrial Services.

15. The defense does not ask the Court to disregard Mr. Laurent's prior record. The plan is intentionally restrictive because of that record. In particular, the proposed no-driving condition responds directly to the prior fleeing-and-eluding history, while GPS monitoring and home incarceration materially reduce the opportunity for unapproved travel or association.

16. There are also meaningful stabilizing factors. Mr. Laurent has a specific residence with his mother, an available family employment opportunity, a treatment pathway through ACTS, and a family household in which his mother is caring for his elderly grandmother. These are concrete supports that were not fully developed when he reserved detention at his initial appearance.

17. Taken together, these conditions provide multiple overlapping safeguards. They do not depend on trust alone. GPS monitoring, home

incarceration, no driving, verified treatment, random testing, a firearm-free residence, restricted associations, restricted travel, and verified employment give Pretrial Services objective tools to monitor compliance and promptly detect problems.

## REQUEST FOR HEARING

18. Because the detention issue was expressly reserved rather than litigated at the June 30 initial appearance, Mr. Laurent respectfully requests that the Court set a detention hearing at the earliest convenient time. At that hearing, the defense will be prepared to present the proposed release plan and any available verification from the proposed residence, employer, treatment provider, and family members.

**WHEREFORE,** Zachary Laurent respectfully requests that the Court set a detention hearing and, after hearing, order his release subject to the conditions proposed above and any additional conditions the Court deems necessary to reasonably assure his appearance and the safety of the community.

DATED this 6th day of November 2026.

Respectfully submitted,

**CHARLES L. PRITCHARD, JR.**
**FEDERAL PUBLIC DEFENDER**

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Public Defender
Florida Bar No. 117534
400 North Tampa St., Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Public Defender