**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

vs. **Case No. 8:26-cr-226-WFJ-SPF**

**ZACHARY LAURENT**
_________________________________/

## ORDER OF DETENTION

Defendant Zachary Laurent argues for pretrial release. (Doc. 19). The government stands by its original request for detention. (Doc. 9). In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was conducted on November 23, 2026. The government's indictment charges Mr. Laurent with two counts of distribution of a controlled substance or possession with intent to distribute (Counts One and Two) and one count of possession with intent to distribute (Count Three). (Doc. 1). Due to the nature of the charges, there is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure that Mr. Laurent is not a risk of flight or danger to the community. *See* 18 U.S.C. § 3142(e)(3)(A).

The government requested Mr. Laurent be detained based upon the statutory presumption, as well as other aggravating factors. Thus, "it becomes the task of the defendant to come forward with evidence to meet his burden of

production—that is, evidence to suggest that he is either not dangerous or not likely to flee if turned loose on bail." *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985).

Here, Mr. Laurent, through counsel, did proffer sufficient evidence to rebut the presumption. Specifically, Mr. Laurent proffered that he has a stable home life with a very supportive family willing to secure a bond for him and proposed a very stringent release plan that included the assistance of his family members. Consistent with counsel's proffer, several family members were in the courtroom to support Mr. Laurent and his request for release.

Although Mr. Laurent, through counsel, proffered sufficient credible evidence and information to rebut the statutory presumption, I find that the government's proffer and other information submitted at the hearing establishes, by a preponderance of evidence, that no condition or combination of conditions will reasonably assure Mr. Laurent's presence as required, and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, in that: (1) the evidence of Mr. Laurent's large scale of narcotics distribution (Count One is for an undercover sale of 100s of pills, Count Two is for an undercover sale of over 2,000 pills, and Count Three is for 750 pills); (2) the sales were video- and audio-recorded; (3) DEA's investigation and surveillance ultimately resulted in

an attempt to arrest Mr. Laurent, but Mr. Laurent fled and started a high-speed chase (at speeds of over 100 miles per hour) that only ended when Florida Highway Patrol performed a pit stop maneuver; (4) after the high speed chase, law enforcement discovered Mr. Laurent had 750 pills (Count Three); (5) Mr. Laurent conducted drug transactions in heavily congested places and began his flight and high speed chase in a heavily congested area; (6) Mr. Laurent has a substantial substance abuse history; (7) he has mental health issues; (8) he has a very lengthy criminal history, including prior bond revocations, violations or probation, and a prior conviction for fleeing and eluding law enforcement as well as prior convictions for firearm and drug related offenses; and (9) he faces a lengthy prison sentence, with a ten year minimum mandatory sentence, if convicted.

Accordingly, I hereby order Mr. Laurent **DETAINED**.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to

the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**Ordered** in Tampa, Florida, on November 23, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge